UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ALLEN LADD,                )
                           )
         Petitioner,       )
                           )
    v.                     )    Case No. 16-1489
                           )
STEVE KALLIS, Warden,      )
                           )
         Respondent.       )

## ORDER AND OPINION

Now before the Court is Petitioner Ladd's Petition [1] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth below, the Petition [1] is DENIED.

### BACKGROUND

In 2005, an indictment was returned in the United States District Court for the Western District of Wisconsin charging Petitioner Ladd with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (Count 1), unlawful possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 2), and unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 3). *United States v. Ladd*, Case No. 05-CR-042-C-01 (W.D. Wis.), *aff'd*, 215 F. App'x 526 (7th Cir. 2007). Ladd pleaded not guilty, went to trial, and was found guilty on Counts 1 and 3, but was acquitted on the § 924(c) count. The probation officer prepared a Presentence Investigation Report ("PSR") and determined that Ladd qualified as a career offender and recommended a guidelines imprisonment range of 360 months to life. Doc. 9, ¶¶ 31, 96. The district court sentenced Ladd to a term of 360 months for the drug offense and 120 months for the § 922(g)(1) conviction, to run concurrent with his drug sentence. The district court found Ladd was a career offender based on

1

four prior crimes of violence or controlled substance offenses, all from Cook County, Illinois. Specifically, Ladd had prior convictions for attempted murder/ aggravated battery, manufacture/ delivery of cannabis, manufacture/ delivery of a controlled substance, and aggravated battery to a police officer using a firearm. The Seventh Circuit dismissed Ladd's direct appeal, *United States v. Ladd*, 215 F. App'x 526 (7th Cir. 2007), and his petition under 28 U.S.C. § 2255 to vacate, set aside or correct his sentence was denied without an evidentiary hearing. *Ladd v. United States*, No. 08-cv-744 (W.D. Wisc. Mar. 17, 2009); see generally, *Ladd v. Cross*, No. 14-CV-00246-DRH, 2014 WL 1017625, at *1 (S.D. Ill. Mar. 14, 2014) (denial of prior § 2241 petition).

Ladd now brings this § 2241 Petition, arguing that he should not have been classified as a career offender in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Doc. 1. The Government has filed a Response raising both procedural and substantive objections to the Petition. Doc. 7. This Order follows.

## LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held

that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing that (1) the claim relies on a new statutory interpretation case; (2) the petitioner could not have invoked the decision in his first § 2255 motion *and* the decision applies retroactively; and (3) there has been a fundamental defect in the proceedings that is fairly characterized as a miscarriage of justice." *Montana v. Cross*, 829 F.3d 775, 779 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813, 197 L. Ed. 2d 758 (2017).

## DISCUSSION

Two decisions from the Seventh Circuit, *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013) (*Hawkins I*), and *Hawkins v. United States*, 724 F.3d 915 (7th Cir. 2013) (*Hawkins II*), preclude relief for Petitioner Ladd because together they hold a Petitioner may not seek on collateral review to revisit the district court's calculation of his advisory guidelines range. The Court is bound by the *Hawkins* decisions. Given the interest in finality of criminal proceedings, in *Hawkins I* the Seventh Circuit held an erroneous interpretation of the guidelines should not be corrigible in a postconviction proceeding so long as the sentence actually imposed was not greater than the statutory maximum. *Hawkins I*, 706 F.3d at 823–25. It specifically distinguished the advisory guidelines from the mandatory system in place at the time of *Narvaez v. United States*, 674 F.3d 621 (7th Cir. 2011) (holding Narvaez's improper sentence under the mandatory guidelines constituted a miscarriage of justice). Hawkins moved for rehearing in light of *Peugh v. United States*, 133 S. Ct. 2072 (2013), in which the Supreme Court held the Guidelines were subject to constitutional challenges "notwithstanding the fact that sentencing courts possess discretion to deviate from the recommended sentencing range." *Peugh*, 133 S. Ct. at 2082. The Seventh Circuit denied rehearing because *Peugh* was a constitutional case whereas *Hawkins I* involved a miscalculated guidelines range, the legal standard in *Peugh* was lower than for

3

postconviction relief, and *Peugh's* retroactivity was uncertain. *Hawkins II*, 724 F.3d at 916–18 ("[I]t doesn't follow that postconviction relief is proper just because the judge, though he could lawfully have imposed the sentence that he did impose, might have imposed a lighter sentence had he calculated the applicable guidelines sentencing range correctly."). Petitioner Ladd's claim is thus untenable, and the Court DENIES his Petition.

## CONCLUSION

For the reasons set forth above, Petitioner Ladd's Petition [1] is DENIED. This matter is now terminated.

Signed on this 19th day of December, 2017.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
